UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL NAVA PAREDES,

Petitioner,

v.

JEREMY CASEY, Facility administrator at the Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  3:26-cv-03462-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Miguel Nava Paredes' ("Petitioner") Verified Emergency Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on April 5, 2024 to seek asylum.  (*Id.* ¶¶ 2–3; Doc. 1-2 at 3.)  On that same day, Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5).  (Doc. 4 at 2.)  In the time since that grant of parole, Petitioner filed his application for asylum, obtained work authorization, worked as a tractor trailer driver, and did not violate the conditions of his parole.  (Doc. 1 ¶¶ 19–22.)  On February 27, 2026, Petitioner was detained by ICE in Coachella, California while he was working.  (*Id.* ¶ 23.)

1

Petitioner filed his Petition on June 9, 2026.  (Doc. 1.)  The Court set a briefing schedule shortly thereafter.  (Doc. 2.)  On June 17, 2026, Respondents filed their Return to Petition.  (Doc. 4.)  Petitioner was authorized to file a reply on or before June 24, 2026, but did not file one.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1182(d)(5) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 44–64.)  Petitioner seeks immediate release under the terms and conditions of his original parole.  (*Id.*, Prayer for Relief.)  Respondents do not substantively respond to Petitioner's arguments, stating only that they "acknowledge[ ] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable . . . and on that basis . . . do[ ] not oppose the petition."  (Doc. 4 at 2.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g., Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],'

3:26-cv-03462-RBM-SBC

who has been residing in the United States" for years.  *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on February 27, 2026, after having resided in the United States on parole for about two years.  (*See* Doc. 1 ¶¶ 2–3, 23.)  Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.  The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid").

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting parole.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted

the community or a risk of flight.[2]

**IT IS SO ORDERED.**

DATE:  June 26, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).